**CHONG SHUN CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 03–4314–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Karen Jaffe, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, Steven L. Tiscione, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Circuit Judge, Hon. ROBERT D. SACK, Circuit Judge, Hon. SONIA SOTOMAYOR, Circuit Judge.

## SUMMARY ORDER

Petitioner Chong Shun Chen, a citizen of the People's Republic of China, seeks review of a January 27, 2003 order of the BIA affirming the May 19, 2000 decision of Immigration Judge ("IJ") Charles Honeyman denying his application for asylum and withholding of removal, and declining to consider his eligibility for relief under the Convention Against Torture ("CAT"). *In re Chong Shun Chen,* No. A75 776 256 (B.I.A. Jan. 27, 2003), *aff'g* No. A75 776 256 (Immig. Ct. N.Y. City May 19, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's

reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

■ The IJ reasonably concluded that Chen failed to provide a credible explanation for why, if his wife was in hiding during June 1997, her family-planning examination booklet provided an entry in that month, and that Chen provided conflicting answers as to whether his wife faced any adverse consequences under the family planning policy after the second abortion. The IJ erred, however, when he faulted Chen for failing to provide corroboration of his testimony that the name of the hospital changed between his wife's first and second abortions, because the record does not show that such corroboration would be available. *See Diallo v. INS,* 232 F.3d 279, 288–89 (2d Cir.2000). Moreover, documents that were not available to Chen, but which we recently discussed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), and *Jin Xiu Chen v. U.S. Department of Justice,* 468 F.3d 109 (2d Cir.2006), if authentic, provide for the first time evidence of an official policy of forcible sterilization in Changle City, Fujian Province, from which Chen comes. Among the documents discussed in *Shou Yung Guo* was a 1999 "Q & A for Changle City Family–Planning Information Handbook" issued by Changle City family-planning authorities, which states that forced sterilization is mandated for parents of two or more children. 463 F.3d at 112–13. In *Jin Xiu Chen,* we discussed a document that appears to be a translation of a 1995 missive from the "Changle City Family Planning Policy Leading Team" to officials of town and village governments and other officials in Changle City. 468 F.3d at 112 This document states that individuals in early marriages (that is, marriages by individuals below the statutory age of marriage) who have a child "must undergo sterilization after the first childbirth, no matter [whether] the first birth is a boy or girl," and that unmarried women are subject to mandatory sterilization after they give birth to a first child. *Id.* If these documents constitute evidence of an official policy of forced sterilization in Changle City, we cannot confidently predict that the IJ would have found Chen incredible had he been aware of them, given that Chen's testimony concerned coercive family-planning practices in Changle City, and they suggest that the policy may differ with respect to whether a family had a boy, as did Chen, or a girl, as a first child. Therefore, remand is appropriate. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

■ Because the IJ's rejection of Chen's asylum and withholding of removal claims depended on the adverse credibility determination, we remand for the BIA to reconsider both claims. To the extent that the IJ declined to consider Chen's eligibility for CAT relief "in light of the adverse credibility finding," we remand for consideration of the CAT claim as well. Finally, Chen argues, correctly, that the IJ erred in failing to consider whether Chen's own encounters with the family planning officials rendered him eligible for asylum.

For the foregoing reasons, the petition for review is GRANTED in part, the BIA's order is VACATED in part, and the case is REMANDED for further proceedings. The previously granted stay of removal is VACATED as moot.